UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LENIN VASQUEZ,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
ANGELO PAMPENA, POLICE OFFICER JOHN DOE,

                                  Defendants.

**FIRST AMENDED COMPLAINT**

08 CV 4184 (JG) (RER)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and two individuals employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on February 7, 2008, Officer Angelo Pampena and a second officer falsely arrested him and fabricated evidence against him in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings. In 2006, plaintiff was appointed to the position of Special Patrolman with the New York State Department of Labor.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Angelo Pampena is a member of the NYPD who was involved the arrest of plaintiff. Pampena was acting under color of state law and in his capacity as a New York City Police Officer at all relevant times herein. Pampena is sued in his individual capacity.

## STATEMENT OF FACTS

7. During the evening of February 7, 2008, plaintiff was watching the soccer game of U.S.A. v. Mexico in the Colombian restaurant "Pollo's Mario" located in the vicinity of 81st Street and Roosevelt Avenue, Queens, New York.

8. The soccer game ended at approximately 1:00 a.m.

9. Plaintiff left the restaurant at approximately 1:30 a.m.

10. While plaintiff was walking down Roosevelt Avenue towards the 74th Street subway station, he observed Officer Angelo Pampena and a second officer on 80th Street asking pedestrians for identification.

11. Plaintiff approached the officers and asked in a polite manner whether something had happened in the neighborhood.

12. Officer Pampena told plaintiff that it was none of his business and to go home.

13. Plaintiff immediately left the scene and started walking toward his destination.

14. A moment later, Officer Pampena told plaintiff to come back.

15. Plaintiff walked back over to the officers.

16. Officer Pampena ordered plaintiff to show him identification and to remove his coat.

17. Plaintiff complied with Officer Pampena's orders.

18. Officer Pampena ordered plaintiff to stay put while he issued plaintiff a summons.

19. While Officer Pampena was writing the summons, he held on to and read plaintiff's identification card.

20. While Officer Pampena was writing the summons, the second officer on the scene stayed close to and watched plaintiff.

21. Plaintiff knew that he could not walk away from the officers until Officer Pampena issued him the summons and told him he could leave.

22. Officer Pampena issued plaintiff a summons falsely charging him with "disorderly conduct/refusal to leave."

23. At no time did plaintiff commit the crime(s) alleged in the summons.

24. The summons instructed plaintiff to appear in criminal court on April 15, 2008.

25. After Officer Pampena handed the summons and the identification card to plaintiff, he told plaintiff that he could leave.

26. On or about February 8, 2008, in accordance with the terms of his employment with the State of New York, plaintiff informed his supervisor that he had been arrested on February 7, 2008.

27. On April 15, 2008, plaintiff appeared in criminal court to answer the summons.

28. A court clerk informed plaintiff that a criminal court judge had dismissed the summons as legally insufficient.

29. Even though the criminal case had been dismissed, the State of New York informed plaintiff, by letter dated April 21, 2008, that because of his arrest, he was suspended from his job and his deputization as a Special Patrolman was revoked.

30. Plaintiff was out of work from April 24, 2008 to September 3, 2008.

31. Plaintiff applied for unemployment compensation while he was on suspension.

32. Plaintiff was denied unemployment benefits because of his arrest.

33. On September 4, 2008, plaintiff returned to his job as a Special Patrolman.

34. A Notice of Discipline, however, was filed against plaintiff because of his arrest.

35. The disciplinary proceedings filed against plaintiff may lead his termination in 2009.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of income of approximately $15,000, emotional distress, mental anguish, fear, embarrassment, humiliation, anxiety, a loss of liberty, and damage to reputation.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST
POLICE OFFICER ANGELO PAMPENA AND
JOHN DOE**

37. Plaintiff repeats and realleges the foregoing allegations.

38. The conduct of Police Officer Angelo Pampena and John Doe, as described herein, amounted to false arrest and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S FEDERAL CLAIM AGAINST
THE CITY OF NEW YORK**

39. Plaintiff repeats and realleges the foregoing allegations.

40. The City of New York directly caused the constitutional violations suffered by plaintiff.

41. Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that the officers involved in the present case are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

42. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Attorney's fees and costs;

  d. Such other and further relief as this Court may deem just and proper,

DATED: January 27, 2009
    Brooklyn, New York

    CARDINALE & MARINELLI
    26 Court Street, Suite 1815
    Brooklyn, New York 11242
    (718) 624-9391

    By:

    /s/

    _____
    RICHARD J. CARDINALE

6